IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Petitioner,<br><br> v.<br><br>DERRAL ADAMS, Warden,<br><br>    Respondent.                   / | No. C 07-01073 SBA (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS AND GRANTING PETITIONER AN EXTENSION OF TIME TO FILE A SUPPLEMENTAL TRAVERSE**<br><br>(Docket nos. 16, 17) |

Petitioner, a state prisoner currently incarcerated at California State Prison - Corcoran (Corcoran), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered Respondent Warden Derral Adams[1] to show cause why the petition should not be granted. On November 9, 2007, Respondent filed an answer addressing the merits of the petition along with a supporting memorandum. Respondent also lodged with the Court various exhibits supporting his answer. On December 7, 2007, Petitioner filed a declaration "in opposition to answer." Petitioner also filed memorandums in support of his "response to the answer" on December 14, 2007 and December 26, 2007.

Before the Court are Petitioner's "Motion for Injunctive Relief and Temporary Restraining Order (TRO)" and request for an evidentiary hearing (docket nos. 16, 17). The Court now addresses Petitioner's pending motions.

## DISCUSSION

### I.  Motion for Injunctive Relief and TRO

Petitioner requests the Court to issue: (1) an "injunction" directing Respondent to serve him with the exhibits so that he may prepare his traverse; and (2) a TRO "ordering the [Corcoran] prison mailroom to stop arbitrarily tampering with petitioners [sic] legal mail with the intentions [sic] of hindering his access to the courts." (Mot. for Injunctive Relief and TRO at 2, 4.)

---

[1] On the docket sheet, Respondent's first name is misspelled as "Derrel."

Petitioner claims that his legal property was destroyed by prison officials on February 14, 2006. He alleges he needs copies of the exhibits attached to Respondent's answer in order to prepare his traverse. Instead of a request for an injunction, the Court construes this motion as a request for an order directing Respondent to serve Petitioner with the exhibits. Good cause appearing, Petitioner's request is GRANTED.

Because Petitioner has previously filed documents labeled as "oppositions" and "responses" to the answer which could be deemed as his traverse, the Court GRANTS Petitioner an extension of time to file a <u>supplemental</u> traverse after he receives the exhibits from Respondent. The parties are directed to abide by the schedule outlined below.

With regard to Petitioner's motion for a TRO, because Corcoran is not in this judicial district, Petitioner must present any claims regarding his conditions of confinement at that prison in the United States District Court for the Eastern District of California. Therefore, the Court DENIES Petitioner's motion for a TRO relating to Corcoran prison officials denying him access to the courts. This denial is without prejudice to filing an action in the Eastern District of California, where Corcoran is located.

## II.     **Request for an Evidentiary Hearing**

Petitioner requests an evidentiary hearing in this action.

Under the AEDPA express limitations are imposed on the power of a federal court to grant an evidentiary hearing. The habeas statute provides that a district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court unless petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

Even if an evidentiary hearing is permitted because a prisoner was able to clear the hurdle posed by § 2254(e)(2), one is not required. <u>Downs v. Hoyt</u>, 232 F.3d 1031, 1041 (9th Cir. 2000).

The district court retains discretion whether to hold an evidentiary hearing or to expand the record with discovery and documentary evidence instead. Williams v. Woodford, 384 F.3d 567, 590 (9th Cir. 2004). This permissible intermediate step may avoid the necessity of an expensive and time consuming hearing in every habeas corpus case. Id. at 590-91.

Here, as a threshold matter, Petitioner has not alleged why he is entitled to an evidentiary hearing under § 2254(e)(2). He does not assert that his claim relies on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, nor does he allege that the factual predicate of his claim could not have been previously discovered through the exercise of due diligence. Moreover, it is not clear to the Court that the facts which Petitioner seeks to develop could not be gathered other than by way of an evidentiary hearing, through the use of discovery and supplementation of the record. See Downs, 232 F.3d at 1041. Accordingly, the request for an evidentiary hearing is DENIED without prejudice. This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

## CONCLUSION

1.   Petitioner's "Motion for Injunctive Relief and Temporary Restraining Order (TRO)" (docket no. 16) is GRANTED in part and DENIED in part.

2.   Petitioner's request for an order directing Respondent to serve him with the exhibits attached to the answer (docket no. 16) is GRANTED. Respondent shall serve Petitioner with a copy of the exhibits lodged with the Court no later than **fourteen (14) days** from the date of this Order. Petitioner shall file his supplemental traverse no later than **forty-five (45) days** from the date of this Order. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** from the date of this Order.

3.   Petitioner's motion for a TRO relating to Corcoran prison officials denying him access to the courts (docket no. 16) is DENIED without prejudice to filing an action in the Eastern District of California.

4.   Petitioner's request for an evidentiary hearing (docket no. 17) is DENIED without prejudice.

1      5.     The Clerk of the Court is directed to substitute Respondent Derrel Adams's first name
2 with the correct spelling, Derral.
3      6.     This Order terminates Docket no. 16 and 17.
4      IT IS SO ORDERED.
5 DATED: 9/30/08

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge

27 UNITED STATES DISTRICT COURT
   FOR THE
28 NORTHERN DISTRICT OF CALIFORNIA

P:\PRO-SE\SBA\HC.07\Bradford1073.pendMOTS&EOTsuptrav.wpd

RAYMOND ALFORD BRADFORD,

    Plaintiff,

v.

DARRAL ADAMS et al,

    Defendant.

Case Number: CV07-01073 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Alford Bradford H-16258
California State Prison
CSP-Corcoran
P.O. Box 3481
Corcoran, CA 93212

Dated: October 1, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Bradford1073.pendMOTS&EOTsuptrav.wpd