IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,                )<br>                                                                  )<br>              Petitioner,                            )<br>   v.                                                            )<br>                                                                  )<br>DARRAL ADAMS, Warden,                  )<br>                                                                  )<br>              Respondent.                         )<br>_____ ) | No. C 07-1073 SBA (pr)<br><br>**ORDER DENYING PETITION FOR**<br>**WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This matter is now before the Court for consideration of Petitioner's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 sentence in Del Norte County Superior Court. Respondent Warden Derral Adams opposes the petition. For the reasons discussed below, the petition is DENIED.

## BACKGROUND

### I.   Case History

In 1997, Petitioner, an inmate at Pelican Bay State Prison, was convicted of 11 counts of battery by an inmate on a non-inmate (Cal. Pen. Code § 4501.5), and one count of resisting an executive officer (Cal. Pen. Code § 69). The trial court sentenced him to a total term of 20 years in state prison. The California Court of Appeal affirmed the conviction and sentence in an unpublished opinion on September 24, 1998.

Thereafter, Petitioner filed a petition for a writ of habeas corpus in this court. The petition was denied on September 30, 2002. See Bradford v. Ayers, No. 99-3613 (SBA) (N.D. Cal. Sept. 30, 2002). On appeal, the United States Court of Appeals for the Ninth Circuit affirmed in part and reversed in part, finding that the admission of videotape evidence violated due process and constituted prejudicial error as to four of the battery counts: 6, 11, 12 and 13. Bradford v. Ayers, 121 Fed. Appx. 707 (9th Cir. 2005). The case was remanded to this court which vacated his conviction on the four counts and ordered the state court either to re-try Petitioner on those counts or to recalculate his sentence.

Pursuant to the orders of the Ninth Circuit and this court, on October 24, 2005, the trial court struck the convictions and sentences on counts 6, 11, 12, and 13. The trial court subtracted the six years Petitioner received for those counts from his original 20-year sentence and resentenced Petitioner to an aggregate term of 14 years in state prison. Petitioner appealed this new sentence, and the California Court of Appeal dismissed the appeal on June 16, 2006. The California Supreme Court denied Petitioner's two subsequent petitions for a writ of habeas corpus on February 7, 2007, and July 11, 2007, respectively.

On February 21, 2007, Petitioner filed the instant petition claiming that he received ineffective assistance of counsel at the October 24, 2005 resentencing hearing. The Court ordered Respondent to show cause why the petition should not be granted. On November 9, 2007, Respondent filed an answer addressing the merits of the petition along with a supporting memorandum. Respondent also lodged with the Court various exhibits supporting his answer. On December 7, 2007, Petitioner filed a declaration "in opposition to answer," and he filed memoranda in support of his "response to the answer" on December 14, 2007 and December 26, 2007. On October 20, 2008, Petitioner filed a declaration in support of a supplemental traverse. The petition has been fully briefed and is now ready for review on the merits.

**II.     Statement of Facts**

The following factual background is drawn from the California Court of Appeal opinion:

> The convictions rest on three separate incidents. On July 25, 1996, appellant was extracted from his cell after refusing to comply with orders to "cuff up" and be moved to another cell. Correctional personnel testified that appellant "gassed" them during the cell extraction by throwing containers of his urine and feces on them. Once removed from his cell, correctional officers restrained appellant and prepared to place him in the shower for decontamination of the chemical gas used to subdue him. Appellant spat in an officer's face and, once in the shower, head-butted another officer in the face. On February 8, 1997, appellant threw urine in the face of a correctional officer. On March 25, 1997, appellant spat on a correctional officer and medical assistant.

(Resp't. Ex. 7 at 2, n.2.)

//

//

**DISCUSSION**

**I.    Legal Standard**

    **A.    Standard of Review for State Court Decisions**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits.  Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004).  It is error for a federal court to review de novo a claim that was adjudicated on the merits in state court.  See Price v. Vincent, 538 U.S. 634, 638-43 (2003).

        **1.    Section 2254(d)(1)**

Challenges to purely legal questions resolved by a state court are reviewed under § 2254(d)(1), under which a state prisoner may obtain habeas relief with respect to a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was "contrary to" or "involved an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court of the United States."  Williams (Terry) v. Taylor, 529 U.S. 362, 402-04, 409 (2000).  While the "contrary to" and "unreasonable application" clauses have independent meaning, see id. at 404-05, they often overlap, which may necessitate examining a petitioner's allegations against both standards, see Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th Cir. 2000), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63, 70-73 (2003).

### a. **Clearly Established Federal Law**

"Clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Id. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003). If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. See, e.g., Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

The fact Supreme Court law sets forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established'" by the Supreme Court. Williams, 529 U.S. at 391. There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." Andrade, 538 U.S. at 64-65. When only the general principle is clearly established, it is the only law amenable to the "contrary to" or "unreasonable application of" framework. See id. at 73.

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.), cert. denied, 540 U.S. 968 (2003); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 1999).

### b. **"Contrary to"**

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A "run-of-the-mill state-court decision" that

correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Williams, 529 U.S. at 406. Such a case should be analyzed under the "unreasonable application" prong of § 2254(d). See Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### c.     "Unreasonable Application"

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411; accord Middleton v. McNeil, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

Evaluating whether a rule application was unreasonable requires considering the relevant rule's specificity; if a legal rule is specific, the range of reasonable judgment may be narrow; if it is more general, the state courts have more leeway. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Whether the state court's decision was unreasonable must be assessed in light of the record that court had before it. Holland v. Jackson, 542 U.S. 649, 651 (2004) (per curiam).

The objectively unreasonable standard is not a clear error standard. Andrade, 538 U.S. at 75-76 (rejecting Van Tran's use of "clear error" standard); Clark, 331 F.3d at 1067-69 (acknowledging the overruling of Van Tran on this point). After Andrade,

> [t]he writ may not issue simply because, in our determination, a state court's application of federal law was erroneous, clearly or otherwise. While the "objectively unreasonable" standard is not self-explanatory, at a minimum it denotes a greater degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them.

Id. In examining whether the state court decision was unreasonable, the inquiry may require

5

analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).

### 2. Sections 2254(d)(2), 2254(e)(1)

A federal habeas court may grant a writ if it concludes a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). An unreasonable determination of the facts occurs where a state court fails to consider and weigh highly probative, relevant evidence, central to a petitioner's claim, that was properly presented and made part of the state court record. Taylor v. Maddox, 366 F.3d 992, 1005 (9th Cir. 2004). A district court must presume correct any determination of a factual issue made by a state court unless a petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d)(2) applies to an intrinsic review of a state court's fact-finding process, or situations in which the petitioner challenges a state court's fact-findings based entirely on the state court record, whereas § 2254(e)(1) applies to challenges based on extrinsic evidence, or evidence presented for the first time in federal court. See Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004). In Taylor, the Ninth Circuit established a two-part analysis under §§ 2254(d)(2) and 2254(e)(1). Id. First, federal courts must undertake an "intrinsic review" of a state court's fact-finding process under the "unreasonable determination" clause of § 2254(d)(2). Id. at 1000. The intrinsic review requires federal courts to examine the state court's fact-finding process, not its findings. Id. Once a state court's fact-finding process survives this intrinsic review, the second part of the analysis begins by dressing the state court finding in a presumption of correctness under § 2254(e)(1). Id. According to the AEDPA, this presumption means that the state court's fact-finding may be overturned based on new evidence presented by a petitioner for the first time in federal court only if such new evidence amounts to clear and convincing proof a state court finding is in error. See 28 U.S.C. § 2254(e)(1). "Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference

implicit in the 'unreasonable determination' standard of section 2254(d)(2)." Taylor, 366 F.2d at 1000.

### 3. Claims Not Considered in a Reasoned State Court Decision

Where a state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Greene v. Lambert, 288 F.3d 1081, 1088 (9th Cir. 2002). When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an unreasonable application of clearly established federal law. Himes, 336 F.3d at 853; accord Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004).

## II. Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through state collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). It is undisputed that Petitioner exhausted his state court remedies on direct appeal in his 2007 habeas petitions to the California Supreme Court.

## III. Legal Claim

Petitioner claims that he received ineffective assistance of counsel in connection with his resentencing on October 24, 2005 because counsel did not argue that Petitioner's new, 14-year sentence violated California Penal Code § 654. Section 654(a) provides, in relevant part:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision.

After Petitioner's convictions on counts 6, 11, 12, and 13 were stricken, the trial court vacated the sentences on those counts, which totaled six years. (Resp't. Ex. 5 at 4.) Subtracting these six years

from the original 20-year aggregate sentence, Petitioner was left with an aggregate sentence of 14 years on the remaining eight counts. (Id.) This 14-year total consisted of four consecutive sentences on counts 1, 4, 5 and 7, as follows: eight years on count 1, which was the four-year aggravated term that was doubled because of Petitioner's prior "strike" offense, and then two-year sentences on each of counts 4, 5, and 7, which were one-third of the midterm doubled because of the strike. (Resp't. Ex. 4A at 9-11.) Petitioner also received eight-year sentences on counts 2, 3, 5 and 8, and a six-year sentence on count 9, but the trial court stayed these sentences pursuant to California Penal Code § 654.[1] (Id.) Petitioner claims that trial counsel should have argued that the trial court was also required to stay his sentences on all but one of counts 1, 4, 5 and 7, and that imposing his sentences on these counts consecutively violated § 654.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment claim based on ineffectiveness of counsel, petitioner must establish two distinct elements. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at 688. The relevant inquiry is not what defense counsel could have presented, but rather whether the choices made by defense counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

Counsel's failure to argue that the trial court violated California Penal Code § 654 by imposing separate sentences on Counts 1, 4, 5 and 7 without staying them was neither deficient nor prejudicial. The California Court of Appeal held that California Penal Code § 654 did not preclude multiple punishments on counts 1, 4, 5, and 7 because there were different victims on these counts,

---

[1] Petitioner was not convicted of count 10.

and § 654 does not preclude multiple punishment when the defendant's violent act injures different victims.[2] (Resp't. Ex. 7 at 2, n.3 (citing People v. Deloza, 18 Cal.4th 585, 592 (1998).) This conclusion of state law by the state appellate court is binding on this court on federal habeas review. A state court's interpretation of state law, including one announced by the state's intermediate appellate court on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Hicks v. Feiock, 485 U.S. 624, 629-30 & n.3 (1988). Accordingly, any argument by trial counsel in this case that the 14-year sentence was prohibited by California Penal Code § 654 would have failed as a matter of state law.

Trial counsel cannot have been ineffective for failing to raise a meritless motion. Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005). Nor has the United States Supreme Court ever required defense counsel to pursue every nonfrivolous claim, regardless of its merit, viability, or realistic chance of success. Knowles v. Mirzayance, 129 S. Ct. 1411, 1420, 1421-22 (2009) (finding counsel's abandoning defense that has "almost no chance of success" to be reasonable, even if there is "nothing to lose" by preserving defense). Petitioner's trial counsel cannot be considered deficient for failing to make the meritless § 654 argument at resentencing, nor was his failure to make such an argument prejudicial because if he had done so, the argument would have failed.

Accordingly, Petitioner's is not entitled to habeas relief on his claim of ineffective assistance of counsel.

---

[2] The appellate court also held that at the resentencing hearing, the trial court, after vacating the six-years of the original 20-year sentence that were attributable to the four stricken counts, was not required to reconsider the remaining 14-year portion of Petitioner's sentence. (Resp't. Ex. 7 at 3-4.)

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 8/31/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | Case Number: CV07-01073 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| DARRAL ADAMS et al, | |
| Defendant.                                        / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 2, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Alford Bradford H-16258
California State Prison - Corcoran
P.O. Box 3481
Corcoran, CA 93212

Dated: September 2, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk